**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **KENNETH DIAZ** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NUMBER: 06-7330** |
| **ALLSTATE INSURANCE COMPANY, ET AL.** | * | **SECTION "L"(1)** |

**ORDER & REASONS**

Before the Court is the Plaintiff's Motion to Remand (Rec. Doc. 8).  For the following reasons, the Plaintiff's motion is now GRANTED.[1]

**I.    BACKGROUND**

This case arises from a dispute regarding insurance coverage for the Plaintiff's home at 1501 West Esplanade Avenue South in Metairie, Louisiana, which suffered damage as a result of Hurricane Katrina.  The Defendants in this case are Allstate Insurance Company ("Allstate"), the Plaintiff's homeowner's insurance carrier, and Charles A. Heine, Sr. Complete Insurance Service, Inc. ("Heine"), an Allstate agency.[2]

In August of 2006, the Plaintiff filed the present action in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana.  The Plaintiff alleges that he is entitled to payment from Allstate for damages and losses to the property, in addition to bad-faith penalties under Louisiana law.  The Plaintiff also alleges that, within the last three years, Heine made various

---

[1]  Accordingly, the parties in this case need not appear for the joint early status conference on February 8, 2007.

[2]  The Plaintiff also named AAA Contractor Services ("AAA") as a "nominee" defendant.  Given the Court's conclusion with respect to the joinder of Heine, AAA's presence is immaterial.

1

misrepresentations and failed to inform him of potential gaps in insurance coverage and failed to procure adequate insurance.  In his petition, the Plaintiff states that the total amount of damages is less than $75,000.

Allstate removed this case to federal court on October 4, 2006, contending that this Court has diversity jurisdiction under 28 U.S.C. § 1332, because Heine is improperly joined and the amount-in-controversy exceeds $75,000.  On November 1, 2006, the Plaintiff filed the instant motion to remand.

**II.     LAW & ANALYSIS**

The removing defendant bears the burden of demonstrating that federal jurisdiction exists and therefore that removal was proper.  *See Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir. 1993).  As a general matter, the removal statute is to be construed narrowly and in favor of remand to state court.  *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941).  Indeed, "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction."  *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).  Accordingly, all disputed questions of fact must be resolved in favor of the non-moving party.  *See Burden v. Gen. Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995).

Allstate contends that this Court has diversity jurisdiction over this case because complete diversity exists between the Plaintiff and the properly joined Defendant, and the amount in controversy exceeds $75,000.  *See* 28 U.S.C. § 1332.

Specifically, Allstate asserts that diversity jurisdiction exists because Heine, the non-diverse defendant, was improperly joined and, therefore, that the Court must disregard the citizenship of this defendant.  "The burden of proving a fraudulent joinder is a heavy one," and

2

the burden is borne by the removing party.  *Green v. Amerada Hess Corp.*, 707 F.2d 201, 205

(5th Cir. 1983).  The removing party can satisfy its heavy burden by demonstrating "that there is

no possibility that the plaintiff would be able to establish a cause of action against the in-state

defendant in state court, or that there has been outright fraud in plaintiff's pleading of

jurisdictional facts."  *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981).

However, "[i]f there is arguably a reasonable basis for predicting that the state law might impose

liability on the facts involved, then there is no fraudulent joinder.  This possibility . . . must be

reasonable not merely theoretical."  *Great Plains Trust Co. v. Morgan Stanley Dean Witter &*

*Co.*, 313 F.3d 305, 312 (5th Cir. 2002); *see Smallwood v. Ill. Cent. R.R.*, 385 F.3d 568, 574 (5th

Cir. 2004).

In this case, the Plaintiff alleges that Heine misrepresented the terms of the insurance

policy and failed to adequately explain the policy exclusions and limitations.  Without further

factual development, the Court cannot conclude that the Plaintiff has no possibility of recovery

against the in-state defendant in this case.  *See, e.g., S. Athletic Club, LLC v. Hanover Ins. Co.*,

No. 06-2605, 2006 WL 2583406 (E.D. La. Sept. 6, 2006).[3]

---

[3]  In the alternative, Allstate argues that Heine is improperly joined because the Plaintiff's
claims against Heine and Allstate arise out of completely separate transactions and occurrences
and involve separate issues of law and fact.  The Court finds, however, that the joinder of the
Plaintiff's claims against Allstate and Heine is not "so egregious as to constitute fraudulent
joinder," as these claims arise from damages sustained to the Plaintiff's property during
Hurricane Katrina.  *See Barash v. Encompass Indem. Co.*, No. 06-9438, 2006 WL 3791310, at
*5 (E.D. La. Dec. 21, 2006) (quoting *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1360
(11th Cir. 1996), and discussing similar cases).
    Moreover, having found that diversity of citizenship does not exist, the Court need not
consider whether the amount-in-controversy requirement has been satisfied.

**III.     CONCLUSION**

For the foregoing reasons, IT IS ORDERED that the Plaintiff's Motion to Remand is

GRANTED and that this matter is hereby REMANDED to the 24th Judicial District Court for

the Parish of Jefferson, State of Louisiana.


New Orleans, Louisiana, this  7th  day of   February   , 2007.


UNITED STATES DISTRICT JUDGE